UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| ANTOINE H. WATSON ) | Case No. 06-11199-SSM |
| ) | Chapter 13 |
| Debtor ) | |

**MEMORANDUM OPINION**

Before the court is the objection of Gerald M. O'Donnell, standing chapter 13 trustee, to Claim No. 9 filed by the Virginia Department of Taxation in the amount of $5,768.58. A hearing was held on October 24, 2007, at which the Department and the debtor were represented by counsel, and the chapter 13 trustee represented himself. The Department, which was not listed by the debtor as a creditor, filed its claim after the claims bar date, and the question is whether this court has the equitable power to allow the claim. For the reasons stated, the court concludes that the filing period cannot be extended even for an unlisted creditor. The trustee's objection will therefore be sustained.

Background

Antoine H. Watson, who works as a customer sales representative for an office supply store, filed a voluntary petition in this court on September 27, 2006, for adjustment of his debts under chapter 13 of the Bankruptcy Code. The general bar date for filing proofs of claim was January 29, 2007, and the bar date for claims by government entities was March 26, 2007. The debtor did not report any tax liabilities on his schedules and did not list any taxing authorities as creditors. A repayment plan filed by the debtor on October 12, 2007, was confirmed on January

5, 2007.  The plan requires the debtor to pay the chapter 13 trustee $325 per month for 60 months and projects a dividend to unsecured creditors of 100 cents on the dollar.[1]

On July 31, 2007, the Commonwealth of Virginia Department of Taxation filed the proof of claim that is presently before the court.  It asserts a priority claim of $573.62 and a general unsecured claim of $5,194.96 for individual income taxes for the calendar years 2000, 2001, 2002, and 2003.  While the record is not fully developed, it appears that the debtor did not file returns for those years until November 2006, approximately a month after the chapter 13 petition was filed.  Why the schedules were not then amended to add the Department of Taxation as a creditor is unexplained.  In any event, the chapter 13 trustee filed an objection to the claim on September 12, 2007, and the issues are ripe for determination.

<u>Discussion</u>

I.

Because this court has recently had occasion to discuss the allowability of late-filed claims in a chapter 13 case, the analysis here will be brief.  *In re Nwonwu*, 362 B.R. 705 (Bankr.E.D.Va. 2007).  As noted in *Nwonwu*, a creditor desiring to receive distributions in a chapter 13 bankruptcy case is required to file a proof of claim.  Fed. R. Bankr. P. 3002(a).  The deadline for filing such claims is 90 days after the first date set for the meeting of creditors, except for a governmental unit, which has until 180 days after the filing of the petition.  Fed. R.

---

[1] Because the standard form of chapter 13 plan in this district is a "pot plan" rather than a "percentage plan," the actual distribution will be closer to 45% based on the claims that have been filed.  The total plan funding is $19,500.00.  The required plan disbursements for allowed administrative and secured claims total $15,058.89, leaving only $4,441.11 to pay $9,840.75 in timely-filed unsecured claims.  If the Virginia priority and unsecured tax claims were included in the analysis, the distribution on unsecured claims would drop to 26%.

2

Bankr. P. 3002(c)(1); § 502(b)(9), Bankruptcy Code. The court is empowered to extend the time for an infant or incompetent person; for the United States, a state, or a subdivision thereof, but only if the motion for extension is made before the 180 day period has expired; for creditors whose claim arises from an avoidance judgment or from rejection of a lease or executory contract; and for creditors with a foreign address;  Fed. R. Bankr. P. 3002(c)(1)-(4); Interim Fed.R.Bankr.P. 3002(c)(5). There is no provision, however, for extending the bar date simply because the creditor had no notice of the case.[2] Moreover, the time periods set by Rule 3002(c) for filing proofs of claim are expressly excluded from the court's general power to grant after-the-fact extensions of time for excusable neglect. Fed. R. Bankr. P. 9006(b)(3). Although a number of lower courts have applied various equitable theories to permit the late filing of claims by creditors who had no notice of the bankruptcy case, the weight of authority, particularly at the court of appeals level is to the contrary. 362 B.R. at 707-08. This court did hold in *Nwonwu* that a claim filed after the bar date would nevertheless be treated as an allowed claim in the absence of an objection, 362 B.R. at 710, but that ruling provides no solace to the creditor here, since the trustee has in fact objected.

---

[2] As explained in *Nwonwu*, Chapter 13 differs in this respect from chapter 7 and chapter 11, both of which make provision, albeit in different ways, for late-filed claims. In chapter 7, a priority claim is entitled to payment whether or not timely filed. § 726(a)(1), Bankruptcy Code. Additionally, a late claim, whether or not entitled to priority, may be paid where the creditor did not have notice or actual knowledge of the case in time to file a timely proof of claim and the claim is filed in time to permit such payment. § 726(a)(2)(c), Bankruptcy Code. Finally, even where the creditor had notice, a late-filed claim may be paid to the extent that funds remain after all timely-filed claims have been paid in full. § 726(a)(3), Bankruptcy Code. In chapter 11, a late-filed claim may be allowed where the failure to file was the result of excusable neglect. Fed. R. Bankr. P. 3003(c)(3) and 9006(b)(1); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)

II.

The Department acknowledges the holding in *Nwonwu* but urges this court to reconsider that position in light of the Supreme Court's recent decision in *Bowles v. Russell*, — U.S. —, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). The narrow holding of that case—that an appellate court had no power, even in exceptional circumstances, to entertain an appeal that was filed beyond the period allowed by Federal Rule of Appellate Procedure 4(a)(6) and 28 U.S.C. § 2107(c)—is not directly applicable to the present controversy, but the Department urges that the analysis by which the Supreme Court reached the result in *Bowles* is nevertheless instructive. Specifically, the Department points to language in the opinion noting the "distinction between claims-processing rules and jurisdictional rules." *Bowles*, 127 S.Ct. at 2364. The opinion contrasts the "jurisdictional significance" of time limits imposed by statute with those imposed by rules of court, which the Court characterizes as "procedural rules adopted . . . for the orderly transaction of . . . business." *Id.* An example of the latter is the time limit for filing complaints objecting to a debtor's discharge in bankruptcy, which the Court had held not to be jurisdictional and therefore subject to waiver if no timely objection was raised. *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004).

Indeed, this court has implicitly recognized the non-jurisdictional nature of the time limit for filing proofs of claim when holding in *Nwonwu* that an untimely proof of claim was nevertheless allowed in the absence of an objection. 362 B.R. at 710. The fact that the time limit is not "jurisdictional," however, does not mean that it is merely hortatory or can be ignored if a proper objection of untimeliness is made. For example, the Bankruptcy Code does not impose a time limit for objecting to a debtor's claim of exemptions in bankruptcy; rather, that

limit is set by rule. Fed. R. Bankr. P. 4003(b). Nevertheless, the Supreme Court has held that a trustee's failure to object to a debtor's exemption of a cause of action within the period prescribed by the rules precluded a later attempt to administer the asset, even though no legal basis for exemption existed. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

Although the Department has not specifically raised the issue, the court has considered whether equitable tolling would apply to the situation presented here. *See Young v. United States*, 535 U.S. 43, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002). In *Young*, the Supreme Court held that the three-year look-back period for dischargeability of income taxes in bankruptcy is subject to equitable tolling during the period the government was precluded by the automatic stay in an intervening chapter 13 case from attempting to collect the taxes. In reaching that result, the Court began by observing that the look-back period was a limitations period "because it prescribes a period within which certain rights . . . may be enforced." *Id*. at 47, 122 S.Ct. at 1039. The Court then went on to explain: "It is hornbook law that limitations periods are 'customarily subject to "equitable tolling,"' unless tolling would be 'inconsistent with the text of the relevant statute[.]'" *Id*. at 49, 122 S.Ct at 1040 (internal citations omitted). Such tolling, the Court noted, is especially appropriate with respect to "limitations periods to be applied by bankruptcy courts, which are courts of equity and 'appl[y] the principles and rules of equity jurisprudence.'" *Id*. at 50, 122 S.Ct. at 1041. Situations in which equitable tolling has historically been applied include those "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.*

In the present case, it could certainly be argued that the Department was "tricked" into allowing the filing deadline to pass when the debtor failed to amend his schedules and give the Department notice of the case after preparing the long-overdue returns and becoming aware (if he had not been before) that the Department was a creditor.[3] Nevertheless, there are two reasons why equitable tolling is not appropriate. First, equitable tolling is not permitted when it is "inconsistent with the text" of the statute or rule creating the limitation period. *Young,* 536 U.S. at 49, 122 S.Ct at 1040. Rule 3002(c) is quite explicit about the circumstances in which the time for filing claims can be extended, and Rule 9006(b)(3) prohibits extensions except under those circumstances. Second, in objecting to the Department's claim, the chapter 13 trustee is not asserting a personal defense of the debtor but instead is acting as the statutory representative of the creditor body, whose distribution will be substantially diluted if the Department's late claim is allowed.

### III.

As explained in *Nwonwu,* an unlisted creditor is not left without a remedy. Most courts hold that the claim of such a creditor has not been "provided for" by the plan and is therefore excluded from discharge. *Nwonwu,* 362 B.R. at 710 (citing *In re Kristiniak,* 208 B.R. 132, 134 (Bankr. E.D. Pa. 1997)). Although the creditor is not entitled to share in the distributions under the plan, it may enforce its claim after the conclusion of the case or, if it obtains relief from the automatic stay, even while the case is pending. *Nwonwu,* 362 B.R. at 710. The court is not without sympathy for the Department's position that it would rather begin receiving payments

---

[3] The court does note, however, that the Internal Revenue Service—although similarly not listed as a creditor—nevertheless filed a timely proof of claim.

now, but the simple fact is that even if its late-filed claim were allowed, only 26% of the non-priority portion (which is the bulk of its claim) would be paid under the plan. The balance, to be sure, would not be discharged. §§ 1328(a)(2) and 523(a)(1)(B)(ii), Bankruptcy Code. But unless relief from the automatic stay were granted, actions to collect the excess could not be undertaken until the plan was completed and the debtor received a discharge.

A separate order will be entered sustaining the trustee's objection and disallowing the Department's claim.

Date: _____         _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge


Copies to:

Jeffrey Scharf, Esquire
Taxing Authority Consulting Services, P.C.
2812 Emerywood Parkway, Suite 220
Richmond, Virginia 23294
Counsel for the Commonwealth of Virginia Department of Taxation

Earl J. Oberbauer, Jr., Esquire
9329 Battle St.
Manassas, VA 20110
Counsel for the debtor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee